## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MICHIGAN
### EASTERN DIVISION

CHARLES EDWARD ERDMANN,

               Petitioner,

v.

WARDEN FCI (ERIC RARDIN),

               Respondent.

_____/

Case No._____

USDC Case No. 3:15-cr-00080

Case: 2:25-cv-13081
Assigned To : White, Robert J.
Referral Judge: Patti, Anthony P.
Assign. Date : 9/30/2025
Description: HC CHARLES
EDWARD ERDMANN V ERIC
RARDIN [TM]

### HABEAS CORPUS PURSUANT TO § 2241

In accordance to 28 USC § 2241 [Habeas Corpus], Petitioner
Charles Erdmann (Erdmann), acting pro se, moves this court to grant
his writ, ordering the Bureau of Prisons (BOP) to issue petitioner
First Step Act (FSA) time credits (18 USC § 3632) on the eligible
underlying or subsequent offense(s) of his 18 USC § 924(c) offense
"served" in Case No. 3:15-cr-00080 out of the United States District
Court of North Dakota.

On grounds for this writ, Erdmann contends, it could be found
by this court reason to set aside the BOP's interpretation of 18
USC § 3584 [multiple sentences of imprisonment] with 18 USC § 3632
(d)(4)(D) [development risk needs assessment system] statute's
framework, for determining Erdmann's ineligibility to earn FSA time
credits on either underlying or subsequent offenses of his § 924(c)
offense, because the new informal rule created by the BOP, that
instructs its administration that a served § 924(c) offense "must"
be aggregated with the underlying of subsequent offense being
arbitrary, caprious, contrary to the US Constitution and law. 5 USC
§ 706 (2)(A),(B),(D).

Wherefore, petitioner Erdmann asks this honorable court to set aside the Bureau of Prisons interpretation that denies him FSA time credits and order the agency to issue credits on eligible offenses for the above reasons and memorandum attached.

Dated: September  25,2025

Respectively submitted,

s/ _____

Charles Erdmann (Pro se)
Reg. No. 13945-059
F.C.I. Milan
P.O. Box 1000
Milan, MI 48160

2.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MICHIGAN
EASTERN DIVISION

CHARLES EDWARD ERDMANN,

        Petitioner,

v.

WARDEN FCI MILAN (ERIC RARDIN),

        Respondent.

_____/

Case No. _____

USDC Case No. 3:15-cr-00080

MEMORANDUM IN SUPPORT OF HABEAS PETITION UNDER § 2241

**Preliminary Statement**

The following issues are presented for this court for its consideration on resolving this matter:

1. Are either 18 USC § 3584 or 18 USC § 3632 statutes ambiguous?

2. Has congress directly spoken to the question regarding that a prisoner's presently serving and previously have served an offense to determine elibility of First Step Act time credits under § 3632?

3. Is it an impermissible construction for the BOP to join unambiguous statutes i.e. §§ 3584, 3632 to determine that a prisoner's served § 924(c) offense "must" be aggregated before determining the prisoner's § 3632(a)(D)(4) eligibility?

Petitioner's answers to these issues are no, yes and yes respectively.

Specifically when, 1) no ambiguity exist in either § 3632 or § 3584 statutes framework that would require their reading side by side i.e. harmonize for interpretation relevant for a prisoner's eligibility to receive FSA time credits under a 'served' § 924(c) offense; 2) when congress has spoken to the precise question at issue, distinguishing between a prisoner currently "serving" a sentence for a disqualifying offense ((d)(4)(D)) and previous

3.

((d)(4)(D)(Li)) served disqualifying offenses under § 3632  for receipt of FSA time credits; and 3) because congress would not authorize such a promulgation rendered by the BOP's impermissible construct of § 3584 with § 3632 when it violates both constitution and law under its new created regulation for FSA eligibility with instruction i.e. that all offenses of the prisoner must be aggregated first before determining any single offense eligibility under § 3632 (d)(4)(D). Chevron USA, Inc. v. NRDC, Inc., 467 US 837, 865 (1984); Loper Bright Enters, Inc. v. Raimondo, 45 F.4th 359, 374 (D.C. Cir. 2022), cert. grant in part, 143 S.Ct. 249 (2023).

Background

On December 5, 2016, the petitioner plead guilty to one count of possession of a firearm in furtherance of a drug trafficking crime (Count Two) and one count of conspiracy to possess with intent to distribute and distribute a controlled substance (Count Three). USDC District of North Dakota; Case No.: 3:15-cr-00080. See Doc. No. 46. On February 23, 2017, the Court (Judge Ralph Erickson) sentenced the Defendant to 36-months imprisonment on count two and 192-months imprisonment on count three, to run consecutively for a total of 228-months imprisonment. See Doc. No. 60.

In 2024 petitioner initiated his administrative remedies at FCI Milan seeking Warden Eric Rardin's administration at Milan to include him in receiving FSA time credits, being that he has served his § 924(c) offense sentence, making his otherwise drug offense elgibile pursuant to § 3632(d)(4)(D) - being that he is niether a leader, manager or organizer - that would otherwise exclude him.

The Milan Administration and Warden denied the petitioner's request stating: "Pursuant to Program Statement 5880.28, Sentence

4.

Computation Manual (CCCA of 1984), and the provisons of Title 18 USC § 3584(c), multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single aggregate term of imprisonment the administration cannot separate offenses sentences for § 3632(d)(4)(D) eligibility. And because petitioner has a § 924(c) offense he is excluded from recieving FSA credits.

As a result of the administration's response petitioner has contended that such a position is arbitrary, caprious and contrary to the US Constitution and law. See 5 USC § 706(2)(A),(B),(D). Petitioner contended that he was being deprived the execution of the court's sentence imposed upon him. Moreover, that the administration's response violates the seperation of power under the US Const. Art. I & II with such a position. And last, that his position is supported under both statute and law. Specifically, that § 3632 statute is unambiguous being that its statute is plain. And even congress has provided notice that § 924(c) offenses are to run first to its underlying and/or subsequent conviction in a federal case. See: Jackson v. United States, 975 F.2d 679 (11th Cir.) Congressional Committee on 924(c) offenses. See Attached.

Because the parties could not find concurrence as to whether congress intended § 924(c) offenses are always ineligible to recieve FSA time credits because both eligible and ineligible under FSA are to be aggregated first - petitioner brings § 2241 petition to resolve the reasonableness of Milan's administrations interpretation against the law and US Constitution.

5.

## Law and Argument

To resolve this matter there are two steps for this court to consider: First whether congress has spoken directly to the specific issue at hand. If it has, the court must give effect to congress's clearly expressed intent. However, if the statute is unambiguous, the court moves to the second step, which calls for express deference to the administrive agency. In the second step, the court may invalidate an agency action only if relies on an impermissible construction of the statute.  Cheveron USA, Inc. v. NRDC, Inc., 467 US 837, 865 (1984); Loper Bright Enters, Inc. v. Raimondo, 45 F.4th 359, 374 (D.C. Cir. 2022), cert. granted in part, 143 S.Ct. 249 (2023).

## Statutory Background

Petitioner Erdmann contends that in order to resolve the first step a relevant statutory background is necessary.

The Sentencing Reform Act of 1984 (SRA) (Pub. L. 98-473, Chapter II of the Comprehensive Crime Control Act of 1984) was enacted into law on October 12, 1984, and became effective on November 1, 1987. The SRA enacted 18 USC § 3624 [Release of a Prisoner], (b) credit toward service of sentence for satisfactory behavior, which provides that a prisoner who is serving more than a year, but less than life, will receive a credit of 54 days of good time at the end of each year unless the BOP determines that during the year he has not complied with institutional rules. Under the SRA, good time earned each year is vested at the end of the year and cannot be disallowed in the future. Sentences imposed between November 1, 1987 to September 12, 1994, are computed under the SRA.

6.

The SRA also enacted 18 USC § 3584(c), which provides: "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single aggregated term of imprisonment."

The Prison Litigation Reform Act of 1995 (PLRA) (Pub. L. 104-134, Title I, § 101 [(a) [Title VIII, § 809(a)], Apr. 26, 1996, 110 Stat. 1321-76; Renumbered Title I Pub. L. 104-140, § 1(a), May 2, 1996, 110 Stat. 1327) became effective April 26, 1996. It amended 18 USC § 3624(b) by requiring all inmates to demonstrate exemplary compliance to earn good conduct time. Most significantly, under the PLRA good time does not vest until an inmate is released from custody. The PLRA made good time more difficult to earn, and good conduct time may be disallowed at  any time during the disciplinary process, as it does not vest until an inmates sentence is completed. Sentences imposed on or after April 26, 1996, are computed pursuant to the PLRA.

The First Step Act of 2018 (FSA), (Pub. L. 115-391, § 102(b)(1), 132 Stat. 5194, 5210 (Dec. 21, 2018), amended 18 USC § 3621 which governs the calculation of a federal prison sentences. Section 102(b) of the FSA also amended 18 USC 3624(b), allowing federal inmates to earn additional good time credits.  See P.L.  115-391, § 102(b)(1). The FSA, among other things, allows the BOP to award inmates maximum of 54 days of good time credits per year of their imposed sentence rather than 54 days of credit per year of their sentence served.

The FSA was enacted on December 21, 2018. Within 210 days of enactment, the Attorney General was charged with developing and releasing a Risk and Needs Assessment System (the System). Id. § 3632(a). Further, the System provides guidance on the type,

amount, and intensity of evidence-based recidivism reduction pro-
graming (EBRRs) and productive activities (PAs) to be assigned to
each inmate based on the inmate's specific criminogenic needs.

The FSA allows eligible inmates who successfully complete
EBRRs or PAs to receive earned time credits, to be applied toward
time in pre-release custody or supervised release. 18 USC § 3632
(d)(4)(D), § 3624(h). An inmate may earn ten (10) days of credit
for every thrity (30) days of successful participation in EBRRs
or PAs. see id. Additionaly, eligible inmates who have been assessed
at a minimum or low risk or recidivism, who maintain their low
risk or  recidivism over two (2) consectuive assessments,  may
earn an additional five (5) days of time credit for every thirty
(30) days of sucessful participation. see id.

## Congress Intent

Congress has spoken directly to the specific issue at hand
under § 3632(d)(4)(D) and (Li). Moreover, because of Congress's
reason for enacting the statutes of § 3632 and § 3584, their plain
language, their methods of computation of earn good time and good
time, also the manner that time is vested is what substantially
distinguishes the statutes from one another to conclude, congress
intended each act to stand alone.

Section 3632(d)(4)(D) states "that a prisoner is ineligible
to receive FSA time credits if the prisoner 'is serving' a sentence
for a disqualifying offense." Moreover, Congress has distinguished
between 'present' (e.g., § 3632(d)(4)(D) (xxii)) and 'previous'
(§ 3632(d)(4)(D)(Li)) FSA disqualifying offenses."

Section 3584(c) states, "multiple terms of imprisonment ordered

8.

to run consecutively or concurrently shall be treated for 'administrative purposes' as a single aggregated term of imprisonment."

Those statutes language and provisions are clear, they are also substantially distiguishable from one another, to wit;

FSA seeks to determine a prisoner's "eligibility" to "earn good time credit"via EBRR and PA participation. The statute qualifies the prisoner according to the offense they are currently serving, because FSA time credits are to be "vested monthly" until the inmates sentence is completed. 18 USC § 3632(d)(4)(a)(i)(ii).

FSA § 3632 statute likewise provides particulars on certain offense(s) for ineligibility to clarify congress's intent, for example: drug offenses for either heroin or methamphetamine are ineligible if the prisoner was a leader, organizer or manager. 18 USC § (d)(4)(D)(lxv-lxvii). Also, the statute list numerous violent offenses previously served that will never qualify for FSA. § 3632 (d)(4)(D)(Li). Note: a previous served § 924(c) is not listed as one of those offenses. Most likely, because congress intended when § 924(c) was enacted, that it be "served" first prior to its underlying predicate offense or subsequent conviction, so that they can receive federal or state benefits if applicable. Hence, the reason why provision (d)(4)(D) states "that a prisoner is ineligible to receive FSA time credits if the prisoner "is serving" a sentence for a disqualifying_ offense. See: Jackson v. United States, 975 F.2d 679 (11th Cir.), citing Congressional Committee on § 924(c) offenses.

Where SRA § 3584 seeks to impose concurrent or consecutive terms of imprisonment to run concurrently, unless the court orders

9.

or the statute mandates, that the terms are to run consecutively.
The statute also provides consideration related to such term via
18 USC § 3553(a) factors, and further speaks of multiple sentences
that are to be aggregated for administrative purpose whether con-
current or consecutive. 18 USC § 3584 (a),(b) and (c) relate to
"good time" rewarded yearly. See: 18 USC § 3624(b). Thus, Erdmann
contends this court could find that no ambiguity exist in either
statute and that because congress has spoken to the question
regarding a prisoner presently serving and previously serving
an offense to determine eligibility to receive FSA earned
time credits, the BOP's joining of two stautes to determine otherwise
with instruction is an impermissible constuction of § 3632 and
viotates the US Constition's seperation of power, because it creates
a new regulation. US Const. Art. I and II

Impermissible Construction

    Erdmann contends to determine BOP's impermissible construction
of § 3632 requires reading the stautory language in its context. See
Kentucky v. Biden, 23 4th 585, 603 (6th Cir. 2022)(brackets and
citation omitted) "statutory language has meaning only in context."
see also Keen v. Helson, 930 F.3d 799, 803 (6th Cir. 2019) (explain-
ing that statutory interpretation is a "holistic endeavor," in which
context, structure, and wording can all "help clarify the meaning
of an isolated term" (citation omitted)). As such, it can be found
that the BOP's having joined § 3584 with § 3632 for interpretating
the language of § 3632(d)(4)(D)'s inelibility "if the prisoner is
serving a sentence - for a disqualfying offense "- under § 3584(c)'s
aggregation mandate of a prisoner's multiple terms of imprisonment,

whether ran  consecutive or concurrently is to be treated **for administrative purposes as a single term,** vacuum's up congress's intent on § 3632, and is an impermissible construction.

Erdmann contentions are based on - that there is no gap to fulfill to depart from § 3632(d)(4)(D)'s wording related to "is serving" or "previous conviction" disqualifying offenses for clarification on elgibility for FSA earned time credits. Because those words are consistent with their ordinary meaning... at the time Congress enacted the statute. Moreover, when you read the whole statutory text and consider its purpose and structure § 3632's context does not require a different result.

Erdmann's contentions are reasoned from the purpose of congress's penalogical goals under FSA § 3632. Section 3632's federal sentencing Act, having been enacted for reducing recidivism, congress seeks under the statute to incentivise the prisoner on ways to reach that goal via EBRR and PA programs. Congress also considered how those programs were to vest for that the prisoner could earn good time credits for their programing. And last, congress considered both violent and non-violent offense under the statute for their eligibility on the side of caution - and how the agency (BOP) should render such offense to carry out its goal.

Thus, serving (presently) a non-eligible offense i.e. mandated or violent under § 3632(d)(4)(D),(xxii) or having a previous conviction (prior offense) served (a non-eligible violent offense) under § 3632(d)(4)(D),(Li) are ordinary in meaning - and does not require a different result - as the BOP would posit under its use of § 3584 with § 3632.

But, joining the two statutes that were enacted for two dis-
tinct purposes creates a conflict. Especially, when the agency uses
them out of context as intended by congress. Section 3584 Sentencing
Reform Act of 1984 was enacted to implement changes for an inmates
satisfactory behavior while servicing his sentence in an institution.
The Act enacted § 3624(b) which is relevant to the context of § 3584.
See 18 USC § 3632(b) [Release of a Prisoner]. Likewise, § 3632 is to
be read in context of § 3624. See: 18 USC § 3624(b) and (h) respect-
fully. Thus, it could be found, the BOP's having interpreted, 3632
(d)(4)(D) "is serving" an offense and "prior conviction" offense
synonmous with § 3584(c)'s treatment of multiple sentence as a
mandate to aggregate offenses prior to determining FSA eligibility
without more creates a conflict between the two statutes under its
impermissible construction.

Erdmann contends the BOP creates a new regulational guideline
i.e. policy, akin to an interpretative rule that is not published
in any federal regulation, with the joining (aggregation) of § 3584
with § 3632. And as such exceeds its authority under the executive
branch of government. See US Consitituion's Art I and II.  As such,
Erdmann contends his having been deprived of FSA contrary to both
law and Constitution has been done so arbritrarily and capriously
by the BOP under its new regulation developed via its impermissible
construction.

12.

Wherefore, Petitioner Charles Erdmann asks this honorable court, to appoint him counsel pursuant to 18 USC § 3006A so that his issue can be discussed before the court at a hearing and upon proof of his contentions, that this court set aside the BOP's interpretation of 18 USC § 3584 with 18 USC § 3632 statutes framework for the above reasons and authority, and ORDER that the BOP issue petitioner FSA earn time credits on eligible underlying or subsequent offenses of his 18 USC § 924(c) offense served in Case No. 3:15-cr-0080 out of the United States District Court of North Dakota.

Dated: September 25, 2025

Respectfully submitted,

s/ _[signature]_

Charles Erdmann (Pro se)
Reg. No. 13945-059
F.C.I. Milan
P.O. Box 1000
Milan, MI 48160

### Certificate of Service

I Charles Erdmann declare under 18 USC § 1746, that I have disclosed a true and exact copy of the Writ of Habeas Corpus Pursuant to 28 USC § 2241 to the following relevant party: United States Attorney's Office, 211 West Fort Street, Suite 2001, Detroit, MI 48226, via the US Mails with first class postage affixed on this 25th day of September of 2025.

s/ _[signature]_

Charles Erdmann

September 18, 2012
Page 7

25893-039
Attachment B/Part 1
FCI/FDC Milan, Michigan
**Attempt at Informal Resolution**

REMEDY # _____

Inmate's Name: _Charles Erdmann_

Registration Number: _13945-059_   Housing Unit: _A_

## ATTEMPT AT INFORMAL RESOLUTION:

1.   Briefly state the complaint and requested corrective actions. _I am requesting my FSA credits for time I have served beyond my 36 mo 924(c) charge. I have completed my 924(c) charge on Oct 15, 2018 therefore from said date until present and future I am requesting FSA credits. The BOP began to recognize 924(c) charges as to be served first in line of any other charges in 2023_

2.   Document your efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved.

_I have spoken with case manager Dew and was told to file. I have reviewed Supreme Court law overturning "Chevron" which allowed the BOP to defer to 18 USC 3584 (c) to preclude me from earning FSA with my 924(c) and 841 charges. I also reviewed 18 USC 3632 (d)(4)(D) that states clearly that I am only ineligible if I'm serving a sentence under the provision of law pursuant to 18 USC 924(c)_

Inmate Signature: _Charles R_ _____ Date: _10-14-24_

Inmate Printed Name: _Charles Erdmann_

Unit Counselor Signature: _R. Tonich_ _____ Date: _11-18-24_

Unit Counselor Printed Name: _R. Tonich_

_See the attached response from CSM Dew._

_11-19-24_

You were sentenced to 36 months for Possession of a Firearm in Furtherance of a Drug Trafficking Crime 924 (c)(1)(a) and 192 months for Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance 841(A)(1), 846.  The BOP aggregates (combines) sentences.  The 924(c) is ineligible which makes you ineligible for FSA.

11-19-24

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

12/6/24

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Erdmann, Charles | 13945-059 | A | FCI Milan |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** I'm requesting the Warden grant me FSA credits based on the following: I've been rejected FSA [18 USC § 3632] credits, based on my case manager aggregating my federal convictions into a single sentence via 18 USC § 3584(c). Thus, the BOP has categorically excluded me from FSA based on my 18 USC § 924(c) conviction - having been included in the aggregation for § 3632 elgibility. The BOP's use of 18 USC § 3584(c) is unconstitutional when it includes § 924(c) on it's aggregation of a inmates conviction into a single sentence, to exclude him from earining FSA credits. Congress intended for § 924(c)'s mandatory conviction and sentence to be served first, in order that inmates can be allowed to benefit from any federal benefits that may attach to § 924(c)'s underlying conviction or any other offense on the court's judgment commitment order. Even BOP's Policy Statement PS 5880.28 - outlines that the BOP shall recognize the § 924(c) first. Hence under the court's J&C order, the BOP arbitrarily and capriously deprives the inmate of his Constitutional 5th Amendment right according to Congressinal intent under § 924(c) in the First Step Act itself. Wherefore, I ask the Warden to grant me FSA credits according to both the law and US Constitution's 5th Amdt..

December 9, 2024
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

*Please see the attached Response//*

RECEIVED
DEC 11 2024
BY: _____

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 1220631-F1

CASE NUMBER: _____

**Part C– RECEIPT**

| Return to: | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

_____
DATE

_____
RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          PRINTED ON RECYCLED PAPER

BP–229(13)
APRIL 1982

**BP-229 RESPONSE**                                        **CASE NUMBER: 1220631-F1**

Your Request for Administrative Remedy (BP-229), dated December 9, 2024 has been reviewed.   You are requesting that you be made eligible for First Step Act benefits based on a recent Supreme Court opinion.

A review of the issue(s) you raise in your BP-229 has been conducted.   You are claiming that a recent Supreme Court opinion regarding the Chevron Doctrine directly impacts your aggregated sentencing and that you should no longer be Ineligible for FSA benefits based on your 18 U.S.C 924(c) conviction.   However, the court's ruling does not affect the First Step Act directly and is not relevant to aggregate sentencing.   You were sentenced to 36 months of incarceration for Count 2 of your indictment, to be run consecutively with the 192 months you received for Count 3.   Since your sentences were aggregated, if one is ineligible, all are ineligible.

Accordingly, your request for Administrative Remedy is denied.   In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                    12/20/2024
E. Hardin, Warden                            Date

**U.S. Department of Justice**

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Erdmann, Charles     13945-059     A     FCI Milan
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** The Warden denied my request on 12/2024. I appeal the Warden's denial, based on: The Warden having misconstrued my request that contends "the administration's aggravating my convictions/sentences I'm currently serving with my served conviction and sentence for 18 USC §924(c) under an administrative function [18 USC § 3584(c)] to deny me First Step Act (FSA) [18 USC § 3584] benefits, arbitrarily and capriously excludes me and deprives me of my US Const. V Admt;" to mean that I'm making a request (according to the Warden) for benefits via the Loper Bright v. Raimondo, opinion overruling Chevron v. Natural Resources Defense having a direct impact on BOP's aggravating my convictions to provide eligibility for FSA benefits. This is not so. Simply, my contentions do not rest on Loper Bright, supra, per se, but on congressional text and intent related to § 924(c) conviction and sentence imposed upon me by the US District Court in my case. And the constitutional rights that attach to those convictions and sentences for their execution by the BOP. The question I'm asking under my request is: Whether the § 924(c) [criminal statute] makes BOP's application of § 3584(c) [procedural statute] unconstitutional, when BOP includes § 924(c) in its administrative function to exclude inmates reciept of FSA benefits on underlyin and subseqent offenses?

12/26/24 DATE      SIGNATURE OF REQUESTER     _Charles E Erd_

**Part B - RESPONSE**

DEC 3 1 2024

_____ DATE      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: 1220631-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION
SUBJECT: _____

_____ DATE      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR      PRINTED ON RECYCLED PAPER      BP-230(13)
JUNE 2002

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:** 1220631-R1

This is in response to your Regional Administrative Remedy Appeal received December 31, 2024, in which you request to receive Federal Time Credits (FTCs) pursuant to the First Step Act (FSA).

We have reviewed your appeal and the Warden's response dated December 20, 2024. As indicated in the Warden's response, you are currently serving a sentence for 18 U.S.C. § 924(C)(1)(A) Possession of a Firearm in Furtherance of a Drug Trafficking Crime. As such, per the FSA disqualifying offense codes table, your conviction and sentence precludes you from eligibility to earn time credits pursuant to the FSA. Therefore, due to the nature of your current offense(s), you do not qualify for Federal Time Credit. Additionally, you are currently serving an Aggregate Group PLRA Sentence which precludes you from eligibility to earn time credits pursuant to the FSA for the duration of your term. Accordingly, the institution's decision is supported.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_1/ Jc/2o)J_
Date

_____
Andre Matevousian, Regional Director

2/18/25

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Erdmann, Charles      13945-059      A      FCI Milan

       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL** Region denied my administration Remedy Appeal on 1/30/2025. I appeal its decision, based on, region not addressing my contentions. I have contended that the Administration of FCI Milan having denied me FSA earn time credits [18 USC § 3632] on eligible offenses is unreasonable. Especially, when the BOP renders its denial via the aggregation of my convictions utilizing 18 USC § 924(c) under 18 USC § 3584(c). Because, including § 924(c) under § 3584 is unconstitutional. Simply, congress intended § 924(c) to be served first, when a defendant receives multiple convictions. That is so that the defendant can receive federal/state benefits on § 924(c) underlying convictions and or subsequent convictions. As such, § 924(c) provides an exception under § 3584(c) application, when considering FSA eligibilty on underlying and subsequent offenses under § 3632. Cf. Jackson v. US, 976 F.2d 679 (11th Cir. 1992) conveying congress intent regarding § 924(c) application. Simply, the BOP's utilizing § 924(c) under an aggregation from a Court's Judgment and Commitment contrary to congress intent is incompatible with the constitution, because it creates law contrary to its authority. Therefore I request the Central Office to order FCI to provide me with FSA credits based on the above authority and reasons.

February 23, 2025

     DATE                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

MAR 21 2025

Administrative Remedies
Federal Bureau of Prisons

_____
        DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: 1220631

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____
        DATE               Printed on Recycled Paper           SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

**Administrative Remedy No. 1220631-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal, wherein you challenge your ineligibility to earn Federal
Time Credits (FTCs) under the First Step Act of 2018 (FSA). You
contend you should be able to earn and apply FTC for the
eligible portion of your sentence. For relief, you request that
FTC be applied for only the eligible portion of your sentence.

We have reviewed documentation relevant to your appeal and,
based on the information gathered, concur with the manner in
which the Warden and the Regional Director responded to your
concerns at the time of your Request for Administrative Remedy.
Your file was reviewed, and it was determined that you are
ineligible for FTCs under the First Step Act of 2018 due to your
conviction for an offense under 18 USC § 924(c)(1)(A),
specifically Possession of a Firearm in Furtherance of a Drug
Trafficking Offense. This preclusion applies to your entire
commitment, not the individual terms of imprisonment.

Pursuant to Program Statement 5880.28, Sentence Computation
Manual (CCCA of 1984), and the provisions of Title 18 U.S.C. §
3584(c), multiple terms of imprisonment ordered to run
consecutively or concurrently shall be treated for
administrative purposes as a single, aggregate term of
imprisonment. Accordingly, your assertion that the sentences
are separate and that FTCs can be applied separately to the
individual terms of imprisonment is incorrect.

Based on the foregoing, your appeal is denied.

April 10, 2025
Date

Timothy Barnett, Administrator
National Inmate Appeals

Charles Erdmann
Reg. No. 13945-059, F.C.I. Milan, P.O. Box 1000
Milan, MI 48160


September 25, 2025


Court Clerk's Office
Theodore Levin United States Courthouse
231 West Lafayette Boulevard, 5th Floor
Detroit, MI 48226

Re: Erdmann v. Warden: filing Habeas Corpus pursuant to § 2241

Dear Clerk:

　　Enclosed is petition for habeas corpus under 28 USC § 2241 with memorandum and exhibits. Would you be so kind to file it accordingly?


Kind Regards,

s/ _Charles Erdmann_

Charles Erdmann


ce

cc: files
　　us attorney's office (detroit, mi)



U.S. MARSHALS

Charles Erdmann
Reg. No. 13945-059
Federal Correctional Institution
Milan
P.O. Box 1000
Milan, MI 48160

Court Clerk's Office
Theodore Levin United States Courthouse
231 West Lafayette Boulevard
5th Floor
Detroit, MI 48226

RECEIVED
SEP 30 2025
CLERK'S OFFICE
U.S DISTRICT COURT

***Legal-Mail***