UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDWARD ERDMANN,

    Petitioner,

v.

ERIC RARDIN,

    Respondent.

Case No. 25-cv-13081

Honorable Robert J. White

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS**

I.    Introduction and Background

Charles Edward Erdmann is currently incarcerated at the Federal Correctional Institution in Milan, Michigan. He filed a *pro se* petition for a writ of habeas corpus challenging a Bureau of Prisons ("BOP") determination that he is ineligible to receive federal sentencing credits under the First Step Act ("FSA"). Erdmann pled guilty in 2016 to one count of possession of a firearm in furtherance of a drug trafficking crime and one count of conspiracy to possess with intent to distribute and distribution of a controlled substance in the United States District Court for the District of North Dakota. A district judge sentenced him to consecutive terms of 36 months and 192 months incarceration (for a total 228 months or 19 years in

prison). The district judge also imposed three years of supervised release. *See United States v. Erdmann*, No. 15-cr-00080 (D. N.D.) (ECF No. 60). His current projected release date is January 31, 2032. *See* BOP Inmate Locater, https://www.bop.gov/inmateloc/ (last accessed Nov. 18, 2025).

II.  Legal Standards

Federal courts are authorized to review habeas petitions to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing the authority of federal courts to summarily dismiss § 2241 petitions). If it is apparent that the petitioner is not entitled to relief, the court must summarily dismiss the habeas petition. *See Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

A dismissal under Rule 4 is appropriate for habeas petitions that raise legally frivolous claims, as well as those which contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-437 (6th Cir. 1999).

III. Analysis

Erdmann challenges the BOP's determination that he is ineligible for credit toward his federal sentence under the FSA. (ECF No. 1). The BOP found him statutorily ineligible to receive FSA credits because it aggregated his consecutively imposed sentences. (*Id.*, PageID.1). Erdmann argues that the aggregation of his sentences is erroneous and unconstitutional. (*Id.*, PageID.5).

Under the FSA, federal inmates who successfully participate in recidivism-reduction programs are entitled to receive credit toward early release or pre-release custody. *See* 18 U.S.C. §§ 3624(g), 3632(d)(4). Certain categories of inmates, however, are categorically ineligible to receive those credits due to their offense of conviction. *See* 18 U.S.C. § 3632(d)(4)(D). Under the FSA, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) is one such disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii); *see also Keeling v. Lemaster*, No. 22-6126, 2023 U.S. App. LEXIS 31169, at *3 (6th Cir. Nov. 22, 2023); *Andrews v. Rardin*, No. 24-10994, 2024 U.S. Dist. LEXIS 114871, at *6 (E.D. Mich. Jun. 28, 2024).

Erdmann acknowledges that he is ineligible to earn FSA credits toward his firearm sentence, but he believes that he should be able to earn FSA credits toward his conspiracy/drug sentence, which he purports is not a disqualifying conviction.

3

Erdmann claims that BOP is improperly aggregating the sentences to deny him FSA eligibility. The Court disagrees.

Federal law provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). "Although multiple terms of imprisonment are not aggregated in all contexts, aggregation is explicitly applicable in the administrative context of consolidating a prisoner's consecutive sentences." *Martinez v. Rosalez*, No. 23-50406, 2024 U.S. App. LEXIS 914, at *7-8 (5th Cir. Jan. 12, 2024). Additionally, the United States Court of Appeals for the Sixth Circuit has specifically ruled that "the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, are administrative functions of the BOP subject to § 3584(c)." *Keeling*, 2023 U.S. App. LEXIS 31169, at *3-4 (quotation omitted); *see also Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 2023 U.S. App. LEXIS 18026, at *4 (3d Cir. Jul. 17, 2023) (per curiam) ("Calculation of an inmate's term of imprisonment is widely recognized as an 'administrative purpose' well within the BOP's responsibilities as charged by Congress.").

Consistent with this precedent, the Sixth Circuit has upheld BOP determinations that federal inmates are ineligible to earn FSA sentencing credits

4

when their aggregate sentence includes a sentence for a firearm conviction under 18 U.S.C. § 924(c) that is ordered to be served consecutively with another sentence. *See Oiler v. LeMaster*, No. 24-5033, 2025 U.S. App. LEXIS 577, at *3-4 (6th Cir. Jan. 10, 2025) (affirming the district court's dismissal of a habeas petition after rejecting a federal prisoner's claim that the FSA's time-credit provision cannot be considered "administrative" due to its mandatory language).

District courts within the Sixth Circuit have followed suit and denied habeas petitions based on these same circumstances. *See, e.g., Jackson v. Entzel*, No. 25-9, 2025 U.S. Dist. LEXIS 16469, at *2-3 (E.D. Ky. Jan. 30, 2025) (summarily denying habeas petition); *Brewer v. Harrison*, No. 24-2305, 2024 U.S. Dist. LEXIS 212128, at *4 (W.D. Tenn. Nov. 21, 2024) (ruling that BOP properly found that prisoner's firearm conviction disqualified him from receiving FSA credits for his aggregated sentences); *Hargrove v. Healy*, No. 23-1857, 2024 U.S. Dist. LEXIS 155083, at *11-12 (N.D. Ohio Aug. 28, 2024) (granting government's motion to dismiss habeas petition; *Andrews*, 2024 U.S. Dist. LEXIS 114871, at *6 (ruling that the BOP properly aggregated prisoner's 2005 and 2017 consecutive sentences in determining that he was ineligible to earn FSA sentencing credits and summarily dismissing the habeas petition); *see also Cortez v. Hemingway*, No. 22-12234, 2023 U.S. Dist. LEXIS 112467, at *3-4 (E.D. Mich. Jun. 29, 2023) (pre-dating *Keeling* and

summarily dismissing § 2241 petition).

Here, Erdmann fails to show that the BOP erred, let alone acted unconstitutionally, when it aggregated his consecutive federal sentences and found him ineligible for FSA sentencing credits due to his disqualifying firearm conviction. Therefore, habeas relief is not warranted. Accordingly,

IT IS ORDERED that the petition for a write of habeas corpus (ECF No. 1) is summarily dismissed with prejudice.

IT IS FURTHER ORDERED that Erdmann may appeal this decision without a certificate of appealability since the habeas petition is filed pursuant to 28 U.S.C. § 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

Dated: November 19, 2025        s/ Robert J. White
                                Robert J. White
                                United States District Judge